# MATTER OF LIGIDAKIS

## In Deportation Proceedings

### A-35669900

### *Decided by Board July 25, 1989*

Due notice to the Immigration and Naturalization Service regarding a judicial recommendation against deportation pursuant to section 241(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(b)(2) (1982), shall be regarded as having been made where the Service has actual notice prior to the recommendation and does not interpose an objection based on insufficient preparation time under 8 C.F.R. § 241.1 (1984) but instead prepares and presents its representations.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]—Crimes involving moral turpitude

ON BEHALF OF RESPONDENT:
Scott E. Richardson, Esquire
Brown & Herrick
1745 S. Alma School Road, Suite 130
P.O. Box 17760
Mesa, Arizona 85212-7760

ON BEHALF OF SERVICE:
John B. Bartos
District Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated December 18, 1984, an immigration judge found the respondent deportable as charged under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, denied his application for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), and ordered him deported to Greece. The respondent appealed from that decision. The appeal will be sustained.

The respondent is a 43-year-old native and citizen of Greece who was admitted to the United States for lawful permanent residence on July 15, 1977. On May 18, 1984, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued charging the respondent with deportability based on a 1978 conviction for burglary in the Municipal Court of Los Angeles, California, and a

112

1984 conviction for robbery in the Superior Court of the State of California for the County of Orange. The record contains a judicial recommendation against deportation with respect to the respondent's 1984 robbery conviction which was issued on June 12, 1984, by the Superior Court of Orange County, California.

Early in a deportation hearing conducted on December 18, 1984, the respondent's attorney mentioned the recommendation against deportation.[1] However, there was at that time no discussion regarding the effect of the recommendation on deportability. Near the end of the hearing, the immigration judge raised the matter of the recommendation and inquired as to its effect. The Immigration and Naturalization Service attorney acknowledged that a valid recommendation against deportation for a given conviction would bar the Service from issuing an Order to Show Cause based upon that conviction. He argued, however, that the recommendation relating to the respondent's robbery conviction was invalid due to lack of proper notice to the district director as required by the regulations. *See* 8 C.F.R. § 241.1 (1984).

In his decision of December 18, 1984, the immigration judge denied the respondent's application for discretionary relief and ordered him deported, finding that although the respondent was statutorily eligible for a section 212(c) waiver, he did not merit a favorable exercise of discretion. The immigration judge made no mention in his decision of the recommendation against deportation.

On appeal, the respondent seeks termination of the deportation proceedings, arguing that the recommendation against deportation with respect to his robbery conviction mandatorily forestalls his deportation based upon that charge. In September 1986, the Service made a motion for summary dismissal of the appeal based on the generalized nature of the respondent's statement and his failure to file a brief in support thereof. The reason for the Service's position is unclear given the respondent's detailed, 8-paragraph statement of reasons for appeal appended to his Notice of Appeal (Form I-290A), dated December 28, 1984, and his 10-page brief, filed on May 16, 1986. In any event, the respondent again provided a copy of his appeal brief to the Service in September 1986. No response from the Service has been received to date.

We agree with the respondent that the California Superior Court's recommendation against deportation with respect to his robbery

---

[1] We note that the respondent initially conceded deportability at a hearing conducted on October 15, 1984, at which he appeared pro se. The respondent was subsequently represented by former counsel at the December 18, 1984, hearing and is currently represented by present counsel on appeal.

conviction precludes his deportation based on that crime. Section 241(b) of the Act provides in pertinent part:

> The provisions of subsection (a)(4) respecting the deportation of an alien convicted of a crime or crimes shall not apply ... (2) if the court sentencing such alien for such crimes shall make, at the time of first imposing judgment or passing sentence or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

The respondent was convicted of robbery on May 14, 1984, and the recommendation against deportation based on that crime was made within 30 days, on June 12, 1984. The recommendation states, inter alia, that "due notice [was] given to the Director of the Immigration and Naturalization Service and to ... [the] District Attorney of Orange County, State of California."

As noted earlier, the Service argued at the December 1984 deportation hearing that notice was not in fact given them. The Service stated that it had been a mere fortuity that they were apprised of the respondent's sentencing and the recommendation against deportation and that they thereupon registered telephonic opposition, giving it "the best shot [we] had." In an affidavit executed on May 13, 1986, the respondent states that his attorney notified the Service of his hearing on the recommendation against deportation, that the hearing lasted approximately 3 hours, and that the District Attorney appeared to oppose the recommendation, as did a Service official by telephone.

We find nothing in the record to support the Service's contention that proper notice concerning the recommendation was not given. All of the respondent's evidence points to the contrary. However, assuming, arguendo, that written or oral notice was not given, the Service concedes it had *actual* notice and thereafter elected to proceed in opposition to the recommendation telephonically. This course of action was not the only option available to the Service. The regulations at 8 C.F.R. § 241.1 (1984) provide in part:

> If less than 5 days' notice is received [by the Service] and sufficient time remains to prepare proper representations, due notice shall be regarded as having been made. When less than 5 days' notice is received and sufficient time is not available to prepare proper representations, but the 30-day statutory period will expire before proper representations can be prepared, an objection shall be interposed to the recommendation against deportation on the ground that due notice was not received.

Inasmuch as the Service did not interpose an objection based upon allegedly insufficient preparation time but rather prepared and presented its representations, we find that due notice was made. Accordingly, we conclude that the judicial recommendation against deportation with respect to the respondent's robbery conviction was

validly issued by the Superior Court of Orange County, California, on June 12, 1984, and consequently bars the respondent's deportation based upon that conviction. The respondent's appeal shall therefore be sustained and deportation proceedings shall be terminated.

**ORDER:**   The appeal is sustained and the deportation proceedings are terminated.